# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SLEP-TONE ENTERTAINMENT
CORPORATION,

    Plaintiff,

v.

TARA KING D/B/A DJ TARA KING
PRODUCTIONS,

    Defendant.

Case No. 2:13-CV-00352-KJD-VCF

**ORDER**

       Presently before the Court is Defendant's Motion to Dismiss (#10). Plaintiff filed a response in opposition (#14) to which Defendant ("Tara King") replied (#15).

       Originally, Plaintiff sued Defendant Tara King and approximately fifty (50) other defendants in *Slep-Tone Entertainment Corp. v. Ellis Island Casino & Brewery*, Case No. 2:12-cv-0239-KJD-NJK. In that case, this Court found that Slep-Tone had improperly joined multiple, unrelated defendants. On February 11, 2013, the Court ordered Plaintiff to file a new and separate action against severed defendants against which it wished to proceed. The Court ordered Plaintiff to do so on or before March 1, 2013.

       On March 1, 2013, Plaintiff filed the present action. Counsel for Plaintiff, James Harrington, had been admitted *pro hac vice* in the *Ellis Island* action and signed the complaint in the newly filed

action. However, Harrington failed to file a new *pro hac vice* application in the present action, believing that his admission in the *Ellis Island* action sanctioned his appearance in this newly filed action. Further, due to his failure to file a new *pro hac vice* application, Harrington failed to designate local counsel, previously Kerry P. Faughnan. The Clerk of the Court did issue a Minute Order (#4) notifying Harrington and Faughnan of the necessity of complying with Local Rule IA 10-2 which required the *pro hac vice* application and designation of local counsel to be filed within forty-five (45) days.[1] Defendants then filed the present motion on July 19, 2013 seeking to have the complaint dismissed with prejudice for Plaintiff's failure to have the complaint signed by an attorney licensed to practice law in Nevada, failing to comply with Local Rule IA 10-2, failing to serve the complaint timely in accordance with Federal Rule of Civil Procedure 4(m), and failing serve a summons signed by the designated local counsel. Plaintiff's *pro hac vice* application was granted (#13) on July 29, 2013.

However, the Court heavily favors resolution of actions upon their merits. In the present action, Harrington mistakenly believed that his admittance to practice in the *Ellis Island* action carried over to the present action involving a defendant severed from that case. Tara King had been served in the *Ellis Island* action and had filed a Joinder (#81) to the motions to sever and dismiss. Though the Minute Order (#4) should have alerted Harrington and Faughnan to inquire about their duty to file a *pro hac vice* application and designation of local counsel, before Defendant filed the motion to dismiss, their belief was not unreasonable or in bad faith. To the extent that Plaintiff must demonstrate good cause for their failure to comply with Rule 10-2 earlier, the Court accepts counsels' explanation and accepts their late filed *pro hac vice* application and designation of local counsel.

The Court also finds that service was timely under Rule 4(m) and Rule 6(a). Even if service had not been timely, the Court would grant the short extension of time necessary to serve the

---

[1] The minute order is a stock order that is sent by the clerk's office in every newly filed action. It was not specifically directed at Plaintiff's procedural situation.

1  complaint in this action.  Such an extension would not prejudice Defendant who had been aware
2  since at least June 2012 of the allegations of the complaint.  Finally, the Court finds that the
3  complaint was filed timely in accordance with its order in the *Ellis Island* action.
4      Accordingly,  Defendant's Motion to Dismiss (#10) is **DENIED**.
5      DATED this 6th day of August 2014.

_____
Kent J. Dawson
United States District Judge