1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

8
9
10

SLEP-TONE ENTERTAINMENT
CORPORATION,

11           Plaintiff,

12

v.

13

TARA KING d/b/a TARA KING
PRODUCTIONS,

14

15           Defendant.

16

Case No. 2:13-CV-00352-KJD-VCF

**ORDER**

17           Presently before the Court is the Court's Order to Show Cause (#21).  Plaintiff filed a

18   response (#23).

19           Originally, Plaintiff sued Defendant Tara King and approximately fifty (50) other defendants

20   in *Slep-Tone Entertainment Corp. v. Ellis Island Casino & Brewery*, Case No. 2:12-cv-0239-KJD-

21   NJK.  In that case, this Court found that Slep-Tone had improperly joined multiple, unrelated

22   defendants.  On February 11, 2013, the Court ordered Plaintiff to file a new and separate action

23   against severed defendants against which it wished to proceed. The Court ordered Plaintiff to do so

24   on or before March 1, 2013.

25           On March 1, 2013, Plaintiff filed the present action.  Counsel for Plaintiff, James Harrington,

26   had been admitted *pro hac vice* in the *Ellis Island* action and signed the complaint in the newly filed

action.  However, Harrington failed to file a new *pro hac vice* application in the present action, believing that his admission in the *Ellis Island* action sanctioned his appearance in this newly filed action.  Further, due to his failure to file a new *pro hac vice* application, Harrington failed to designate local counsel, previously Kerry P. Faughnan. The Clerk of the Court did issue a Minute Order (#4) notifying Harrington and Faughnan of the necessity of complying with Local Rule IA 10-2 which required the *pro hac vice* application and designation of local counsel to be filed within forty-five (45) days.  Defendant then filed a Motion to Dismiss (#10) on July 19, 2013 seeking to have the complaint dismissed with prejudice for Plaintiff's failure to have the complaint signed by an attorney licensed to practice law in Nevada, failing to comply with Local Rule IA 10-2, failing to serve the complaint timely in accordance with Federal Rule of Civil Procedure 4(m), and failing to serve a summons signed by the designated local counsel.  Plaintiff's *pro hac vice* application was granted (#13) on July 29, 2013.

Due to the Court's strong preference that cases be resolved on the merits, the Court denied Defendant's motion on August 6, 2014. However, the Court found that counsel should have known, at the latest by the date of the Minute Order (#4) on March 1, 2013, of his duty to file a *pro hac vice* application and designation of local counsel.  The Court gave counsel the benefit of the doubt concluding that he was not acting in bad faith. However, the Court did conclude that Plaintiff had not timely complied with Rule 10-2 and had not timely served the complaint. Further, the Court deemed Plaintiff's untimely service and return of summons executed as a request for an extension of time to serve the complaint and allowed the action to proceed.

Defendant then filed her answer on September 18, 2014.  Over the next ten (10) months, Plaintiff took no proceeding of record until the Court ordered it to show cause why the action should not be dismissed for want of prosecution. In response, Plaintiff essentially asserts that it did not comprehend that the Court really intended this to be a new action, requiring it to follow the Federal and Local Rules of Civil Procedure, such as submitting a scheduling order which would have, at the

2

1 least, set dates for dispositive motions and a joint pre-trial order. The Court does not accept this

2 explanation.

3       The Court's order in the *Ellis Island* action and its order (#19) denying Defendant's Motion

4 to Dismiss made it clear that it intended for Plaintiff to proceed with each action separately as a new

5 case. Despite the Court's clear preference to resolve this action on the merits, Plaintiff did nothing

6 for the next three hundred days. If Plaintiff was confused about the correct course of action, it could

7 have filed a motion at any time within those three hundred days seeking clarification of the Court's

8 order, or requested the magistrate judge to set a scheduling or briefing order. Instead, Plaintiff chose

9 to do nothing. Neither excusable neglect nor good cause for failing to act have been demonstrated by

10 Plaintiff.  Therefore, in accordance with Local Rule 41-1, Plaintiff's complaint is dismissed with

11 prejudice.

12       Accordingly, IT IS HEREBY ORDERED that Plaintiff's Complaint is **DISMISSED with**

13 **prejudice**;

14       IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Defendant

15 and against Plaintiff;

16       IT IS FURTHER ORDERED that all other outstanding motions are **DENIED as moot.**

17       DATED this 29th day of March 2016.

18

19

20 _____

    Kent J. Dawson

21     United States District Judge

22

23

24

25

26